774 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David R. Pheils, Jr., Trustee for Goeckerman Trust and Jedj
Trust, Plaintiff-Appellant, Cross-Appellee,
v.
Gorey D. Garber; Kathryn Garber; Ronald J.
McCracken,Defendants-Appellees, Cross-Appellants.
 Nos. 84-3551, 84-3567, 84-3568
 United States Court of Appeals, Sixth Circuit.
 9/5/85
 
 N.D.Ohio
 AFFIRMED
 On Appeal from the United States District Court for the Northern District of Ohio
 Before: ENGEL and KENNEDY, Circuit Judges; and NEESE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 David R. Pheils, Jr., in his capacity as trustee for the Goeckerman Trust and the JEDJ Trust, appeals the summary judgment entered by the United States District Court for the Northern District of Ohio in favor of Corey D. Garber, Kathryn Garber, and Ronald J. McCracken on the basis of res judicata in this diversity action. The Garbers and McCracken cross-appeal the denial of their motions for attorneys' fees and injunctive relief.
 
 
 2
 On November 23, 1979, Pheils, acting in his individual capacity, and several other plaintiffs brought suit against McCracken, the Garbers and other defendants in the Lucas County Court of Common Pleas alleging frand and misrepresentations designed to interfere with Pheils' attempt to operate a commercial printing business. The state court granted summary judgment in favor of McCracken on all counts, but allowed the case against the Garbers to go to the jury. The jury ruled in favor of the Garbers, finding that certain disputed settlement documents signed by Pheils were valid and enforceable. The judgments in favor of McCracken and the Garbers were affirmed by the Court of Appeals for Lucas County and the Ohio Supreme Court.
 
 
 3
 On September 14, 1982, Pheils, acting in his individual capacity and as trustee for two trusts, brought another suit against the Garbers and McCracken--this time in Wood County, Ohio. The allegations in the complaint in this second lawsuit were essentially the same as the allegations from the first suit. The trial court in the second case dismissed Pheils' claims with prejudice because it found that the Lucas County Court had exclusive subject matter jurisdiction over the claims and because it felt that the claims were barred by the doctrine of res judicata. On appeal, the Wood County Court of Appeals affirmed the trial court's holding that Lucas County had exclusive jurisdiction over the claims, but it held that the dismissal must be without prejudice because the decision was not based on the merits. The court stated: 'In spite of the fact that the trial court discussed the principles of res judicata and collateral estoppel, in reality it was without jurisdiction to make a decision on the merits of the case.' The Supreme Court of Ohio refused to review this second case.
 
 
 4
 On October 20, 1983, Pheils, acting in his capacity as trustee, commenced this present action in federal court. The factual allegations here are essentially the same as those raised in the two previous state court proceedings. The district court granted summary judgment for the defendants on the basis of res judicata because it found that the Wood County trial court had determined that Pheils, whether in his capacity as trustee or individually, was the real party in interest in the Wood County action. Although the court granted the defendants' motions for summary judgment, it denied their motions for injunctive relief and for attorneys' fees.
 
 
 5
 On appeal Pheils argues that because the Wood County Court of Appeals modified the judgment of the trial court, the causes of action on behalf of the trusts never have been conclusively adjudicated. Therefore, he contends that this action brought in his capacity as trustee is not barred by the doctrine of res judicata. In their cross-appeal, the defendants argue that the district court erred in denying the motions for attorneys' fees and their motions for injunctive relief to prevent Pheils from filing more suits based on the operative facts involved in this case.
 
 
 6
 Upon consideration, we are of the opinion that the district court properly applied the principles of res judicata based upon the determination in the Wood County action that individual plaintiff Pheils is the real party in interest, notwithstanding his nominal capacity as trustee for two trusts involved. For that reason, the prior adjudication in the Lucas County Court of Common Pleas forecloses relitigation in federal court. Likewise, we believe that the district court did not err in denying relief to the defendants in their cross-appeal. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable C. G. Neese, Senior Judge, Retired District Judge for the Eastern District of Tennessee, sitting by designation